UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE THOMPSON,<br><br>          Plaintiff,<br><br>   vs.<br><br>TOM CAGLE, et al.,<br><br>          Defendants. | 1:18-cv-01050-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS CASE AS DUPLICATIVE OF CASE 1:18-cv-01020-LJO-EPG-PC**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

Wayne Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 27, 2018, at the United States District Court for the Southern District of California. (ECF No. 1.) The case was transferred to this court on August 6, 2018. (ECF No. 3.)

On October 12, 2018, Plaintiff notified the court that funds are being withdrawn from his prison trust account to pay the filing fees for two cases at this court, 1:18-cv-01020 and 1:18-cv-01050. (ECF No. 14.) Plaintiff asserts that the two cases are the same.

**II.    DUPLICATIVE CASES**

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'"

1

Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir. 1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir. 1993)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 497 F.3d at 689 (citing see The Haytian Republic, 154 U.S. at 124 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." (internal quotation marks omitted)); Curtis, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims "would have been heard if plaintiffs had timely raised them"); Serlin, 3 F.3d at 223 ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

### III. PLAINTIFF'S CASES

Plaintiff is correct that he has two civil rights cases pending before this court.

#### Case #1 -- first case -- "18-1020"

This first case was filed by Plaintiff on July 24, 2018, at the United States District Court for the Central District of California. On July 26, 2018, the case was transferred to this court and assigned case number 1:18-cv-01020-LJO-EPG-PC. (Court Docket.)

#### Case #2 - this case -- "18-1050"

The second case was filed by Plaintiff on July 27, 2018, at the United States District Court for the Southern District of California. (ECF No. 1.) On August 6, 2018, the case was transferred to this court and assigned case number 1:18-cv-01050-DAD-GSA-PC. (ECF No. 3.)

### IV. DISCUSSION

The court has reviewed Plaintiff's two cases described above and finds that both cases are civil rights actions pursuant to 42 U.S.C. § 1983, and the parties, allegations, claims, and requested relief are identical. The original complaints from both actions appear to be identical copies of each other, except for some variation in the exhibits attached to the complaints, which the court finds to be immaterial.[1] Based on these facts, the court finds the present case, 18-01050, to be duplicative of case 18-01020. Because the present case was filed after case 18-01020 was filed, the court shall recommend that the present case be dismissed.[2]

///
///
///

---

[1] Plaintiff's exhibits consist of copies of his administrative appeals and an application to proceed in forma pauperis. (Case 18-1020 at ECF No. 1, pp. 8-28; Case 18-1050 at ECF No. 1, pp. 8-18.)

[2] Plaintiff is advised that he is obligated to pay the filing fees for both of his cases. The filing fee is collected by the court as payment for filing the case, and Plaintiff filed two cases, one in the Central District of California and one in the Southern District of California. The fact that both of the cases were transferred to the Eastern District of California does not change the fact that Plaintiff filed two separate cases in two different districts. Therefore, Plaintiff is required to pay the filing fee in full for both cases, notwithstanding dismissal of one of the cases. 28 U.S.C. 1915(a)(2).

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that the present case is duplicative of case 1:18-cv-1020-LJO-EPG-PC. Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED as duplicative of case 1:18-cv-01020-LJO-EPG-PC; and
2. The Clerk be directed to CLOSE this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 17, 2018**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE